## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **KIM NGUYEN,** | § | |
| | § | |
| *Plaintiff,* | § | |
| VS. | § | CIVIL ACTION 4:13-CV-2957 |
| | § | |
| **CAROLYN W. COLVIN,** | § | |
| Acting Commissioner of Social | § | |
| Security Administration, | § | |
| | § | |
| *Defendant.* | | |

## <u>MEMORANDUM AND ORDER</u>

In this case seeking judicial review of denial of Social Security benefits, Plaintiff Kim Nguyen ("Nguyen") filed a Motion for Summary Judgment pursuant to 42 U.S.C. § 405(g). Doc. 12. Defendant Carolyn W. Colvin ("Commissioner"), Acting Commissioner of Social Security, filed her own Motion for Summary Judgment and Brief in Support. Doc. 13. The parties have consented to have this Court conduct all proceedings, pursuant to 28 U.S.C. § 636(c). Doc. 10. Having considered the parties' briefing, the applicable legal authorities, and all matters of record, the Court orders that Nguyen's Motion for Summary Judgment is **DENIED** and that the Commissioner's Motion for Summary Judgment is **GRANTED**.

### BACKGROUND

Nguyen is a 53-year old female with a 12th grade education, obtained in Vietnam. Tr. at 30. She has past relevant work experience as a small products assembler. Tr. at 48. Nguyen suffers from a surgically repaired left shoulder, cervical spine

1

degenerative disk disease, and early carpal tunnel syndrome. Nguyen filed a Title II application for disability insurance benefits with the Social Security Administration ("SSA") on September 9, 2010, claiming that she had been disabled and unable to work since March, 10 2010. Tr. at 52, 132.

### *Medical Evidence*

On March 10, 2010, claimant Nguyen was injured while working and saw Dung Nguyen, D.C. (Doctor of Chiropractic) approximately one week after the accident. Tr. at 173. Dr. Nguyen noted that the claimant suffered from constant "sharp pain and stiffness in the bilateral region of the neck with tingling sensation into bilateral shoulder and radiating into left arm," as well as constant "sharp pain and restricted motion in the left shoulder joint." *Id.* Claimant Nguyen was also noted to experience frequent "pain and discomfort [in her] left elbow with numbness into forearm and hand." *Id.* Dr. Nguyen ultimately diagnosed the claimant with cervical radiculitis, rotator cuff syndrome, lateral epicondylitis, carpal tunnel syndrome, and a sprain/strain of the wrist, hand, fingers, and thoracic region. *Id.*

Approximately one week later, claimant Nguyen visited J.S. Meyer, M.D., who noted "weakness of the grip on the left side and give away weakness on the deltoid muscles, triceps, and biceps secondary to the pain." Tr. at 179. Nguyen also demonstrated "hyposensitivity in the C5, C6, C7 and C8 dermatome of the left upper extremities" giving an overall impression of cerviculitis, right shoulder capsulitis, possible carpal tunnel syndrome, and possible tardy ulnar syndrome on the left side. *Id.* Dr. Meyer recommended a MRI of the cervical spine and left shoulder, an EMG/NCV of

2

the upper extremities, continued chiropractic care and physical therapy, and prescribed Medrol, Ketoprofen, Hydrocodone, and Flexiril. *Id.*

On April 29, 2010, Nguyen went to see Will Moorehead, M.D., complaining of neck, shoulder, and elbow pain as well as numbness and tingling of the fingers on her left side. Tr. at 181. Dr. Moorehead diagnosed Nguyen with impingement syndrome in the left shoulder, a herniated cervical disc causing nerve root compression, and Cubital tunnel syndrome in the left elbow. Tr. at 183. Dr. Moorehead administered an injection "into the left subacromial space and into the left Cubital tunnel" resulting in "80% relief of the left shoulder pain." Tr. at 184. Similar to Dr. Meyer, Dr. Moorehead recommended an EMG and NCS of the cervical muscles and both upper extremities, along with cervical, left shoulder, and left elbow MRIs. *Id.*

One week later, Chris Wright, M.D., performed MRIs on Nguyen's cervical spine, left shoulder, and left elbow. Tr. at 185-88. Analysis of Nguyen's cervical spine revealed "moderate compromise of the right neural foramen at C4/5 due to bony hypertrophic changes, which could result in right-sided C5 radicular-type symptoms." Tr. at 185-86. This phenomenon was also observed at the C5/6 level, but on the left side. *Id.* While there was evidence of "some straightening of the cervical spine, suggestive of muscle spasm," all other cervical levels of the "spinal canal and neural foramina" were found "near normal in caliber." *Id.* Nguyen's left shoulder exhibited "evidence for moderate tendinitis involving the periphery of the supraspinatus tendon," in addition to "moderate compromise/impingement of the subacromial space with mild to moderate

mass effect on the underlying supraspinatus muscle/tendon." Tr. at 187.   However, a MRI analysis of Nguyen's left elbow revealed no abnormalities. Tr. at 188.

On May 24, 2010, Jamshid Lotfi, M.D., performed an EMG/NCV of Nguyen's upper extremities and found "C4-C5 Nerve root irritation bilaterally more pronounced on the left," and suggested clinical correlation with his electrophysiological evidence. Tr. at 208-09.   Four days later, Nguyen was seen at St. Anthony's Hospital where she underwent an "arthroscopic decompression of the left subacromial space and excision of the [left shoulder] coracoacromial ligament" to treat her severe shoulder pain due to impingement syndrome. Tr. at 210, 212.

On June 4, 2010, Nguyen received a cervical epidural steroid injection ("ESI") by Henry Lee, M.D., to treat her cervical radiculopathy. Tr. at 191.   Dr. Lee recommended that Nguyen "complete two weeks of physical therapy within the next 3-4 weeks" to maximize the benefit of the ESI procedure. Tr. at 192.   Approximately three weeks later, Nguyen reported to Dr. Moorehead that "her neck still hurts despite the ESI" and that she experienced "pain that radiates down both arms with numbness." Tr. at 196.   Nguyen also stated that "she has pain of the shoulder and cannot sleep on it." *Id.*  Dr. Moorehead recommended that Nguyen undergo a second cervical ESI procedure because she "improve[d] with the [first] cervical ESI." Tr. at 198.   With regard to Nguyen's shoulder, Dr. Moorehead remarked that, "she is continuing to improve . . . with pain on extreme of movements." *Id.*  He recommended that Nguyen continue with her physical therapy. *Id.* On July 6, 2010, Nguyen received her second cervical ESI procedure. Tr. at 189.

4

On August 30, 2010, Nguyen reported to Dr. Moorehead that her shoulder "continues to improve," but that she is in a "great deal of neck pain." Tr. at 204. Nguyen was prescribed Celebrex and Tramadol to combat her neck pain. Tr. at 206. Dr. Moorehead remarked that,

> [Nguyen] has an EMG and NCS that show evidence of C4-5 radiculopathy. There is MRI evidence of spondylosis of C4-5 on the right and C5-6 on the left with compression of the corresponding nerve roots. It is my medical opinion that this patient should undergo an ACDF [Anterior Cervical Discectomy and Fusion] of C4-5 and C5-6. The insurance company continues to not authorize her medication. This medication is necessary to alleviate inflammation around the nerve roots and help to provide relief of her neck and shoulder pain.

Tr. at 206-07.

In early September, Nguyen saw Dr. Lofti complaining of severe daily headaches, neck pain, numbness, and weakness of the upper extremities. Tr. at 222. Dr. Lofti administered a "trigger point injection of Depo Medrol and Xylocaine to the left scapular region," and prescribed Amrix, Lyrica, and Hydrocodone. Tr. at 223. On December 6, 2010, Dr. Moorehead repeated his recommendation that Nguyen undergo an ACDF procedure. Tr. at 321. One month later, Nguyen was given another left shoulder injection and prescribed Phrenillin, Amrix, and Lyrica. Tr. at 263. In February of 2011, Nguyen received the same injection to the cervical paravertebral muscles bilaterally at the C5-6 level. Tr. at 218. In April 2011, Nguyen was prescribed Naproxsyn and Hydrocodone by Dr. Moorehead who stated, "[Nguyen] is well aware of my medical opinion that she would benefit from an ACDF of C4-5 and C5-6." Tr. 216-17.

On April 28, 2011 Nguyen was involved in a motor vehicle accident and transported via ambulance to Houston Northwest Medical Center complaining of chest,

back, and neck pain.  Tr. at 238-39.  After the accident, Nguyen reported that her headaches and neck pain had worsened.  Tr. at 270, 309.  At Dr. Moorehead's recommendation, Nguyen underwent a second cervical MRI on September 12, 2011 revealing "a 2-mm posterior protrusion" in addition to "moderate encroachment on the neural foramina bilaterally" at C5-6.  Tr. at 303, 308.  All other levels of Nguyen's cervical spine were "unremarkable."  Tr. at 303.  Five months later, Dr. Moorehead reported that, "[Nguyen's] cervical symptoms remain present with increasing intensity," and again recommended an ACDF as Nguyen's "best option."  Tr. at 329-30.

On April 9, 2012, Dr. Moorehead remarked that, "[Nguyen's] left shoulder aches on occasions, but there is no real pain to prevent her from using it."  Tr. at 331.  Nguyen did report increased pain intensity when performing "repetitive tasks that require the arm to be above the shoulder area."  *Id.*  However, there was no improvement in the pain experienced in Nguyen's neck and back.  *Id.*

### Application for Benefits and ALJ Hearing

On September 9, 2010, Nguyen applied for social security disability insurance benefits ("SSDI") claiming a disability onset date of March 10, 2010.  Tr. at 19, 123.  Nguyen's application was initially denied on January 25, 2011 and again upon reconsideration on April 15, 2011.  Tr. at 54, 59.  On May 6, 2011, Nguyen requested a hearing before an administrative law judge ("ALJ"), which was granted.  Tr. at 63.

The hearing took place on May 30, 2012 before ALJ Robert M. McPhail.  Tr. at 25.  The ALJ heard testimony from claimant Nguyen (through Vietnamese interpreter Mr. Haan), present with counsel, impartial medical expert ("ME") Earl F.

6

Beard, M.D., and impartial vocational expert ("VE") Charles R. Poor.  Tr. at 30, 43, 48.
Nguyen testified about her previous duties as an assembly technician.  Tr. at 30-31.
When asked if her left shoulder surgery had relieved her shoulder pain, Nguyen
responded, "Yes."  Tr. at 32.  Nguyen testified that her hands and fingers are "always
numb" and that she experiences headaches "all day."  *Id.*  Nguyen also stated that she has
neck pain that, "goes up to my head and also down to my back," accompanied by muscle
spasms in her neck, head, hands, and back.  Tr. at 33, 40.  Nguyen reported that her
symptoms worsened as a result of a 2011 motor vehicle accident.  Tr. at 41-42.  Nguyen
testified that she would have surgery on her neck if she had insurance.  Tr. at 37, 41.
When asked about the side effects of her medication, Nguyen stated that sometimes she
feels "half awake, half asleep" and that many times this feeling will last "all day."
Tr. at 34.

When asked what actions exacerbate her symptoms, Nguyen responded that she
can no longer drive because turning her head left and right causes too much
pain.  Tr. at 31, 35.  Nguyen also testified that sitting, bending, moving her body right
and left, and laying her head back when sleeping causes increased pain.  Tr. at 34-35.
When asked about her daily routine, Nguyen responded that she would "lie and rest" in
the morning and then "get up and do some exercise," which consists of walking inside
her home.  Tr. at 35-36.  Nguyen also testified that she reads books and watches
television.  Tr. at 36.  Nguyen noted that her husband helps her draw a bath and get
dressed, but that he does all of the cooking, cleaning, and shopping.  Tr. at 36-39.
Nguyen testified that she can only stand for ten minutes before she must sit, can only sit

for fifteen minutes without needing to get up, and can only walk 15 feet before needing to take a break. Tr. at 39.

The ME testified that he had a "very difficult time demonstrating any major organic disease process" and that Nguyen's "complaints of neck pain going to the head a so forth . . . doesn't make any real sense." Tr. at 44. The ME classified Nguyen's cervical disk disease as "minimal," saw nothing in the medical record which could cause Nguyen's claims of hand numbness and early carpal tunnel syndrome, and was not convinced that "[Nguyen's] complaints are real." Tr. at 44-45. Moreover, the ME stated that, "no surgeon in his right mind is going to operate [on Nguyen]" and that Nguyen's claims of pain were "far-fetched." Tr. at 46-47. Overall, the ME opined that Nguyen's impairments do not meet or equal the medical criteria of a listing and that Nguyen was able to do a full range of light physical activity. Tr. at 44-45.

The VE testified that Nguyen's past work as an assembler was light, unskilled work. Tr. at 48. The ALJ then asked the VE to assume a hypothetical person with Nguyen's same age, education, and work experience who could lift ten pounds frequently, twenty pounds occasionally, and could stand, walk, and sit for six hours.[1] Tr. at 48. The VE testified that such a person could perform Nguyen's past relevant work experience as an assembler. Tr. at 48-49. However, the VE also testified that an individual containing Nguyen's limitations as assessed by Dr. Moorehead on November 8, 2011 could not perform any type of work. Tr. at 49-50, 323-325.

---

[1] Limitations as assessed by State agency medical consultant John Durfor, M.D., on April 12, 2011. Tr. at 225-32.

*The ALJ Decision*

After the hearing, the ALJ issued a decision that Nguyen was not disabled from March 10, 2010 through the June 11, 2012 decision date. Tr. at 20. The ALJ found that Nguyen met the insured status requirements of the Social Security Act, had not been gainfully employed since her alleged onset date, and suffered from the severe impairments of status post left rotator cuff repair, cervical spine degenerative disease, and early carpal tunnel syndrome. Tr. at 14. However, the ALJ found that none of Nguyen's impairments, singly or in combination, met or medically equaled the severity of one of the listings in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. at 15-17. The ALJ considered listings pertaining to the musculoskeletal system (1.02 and 1.04) and neurological disorders (11.00). Tr. at 16-17.

The ALJ evaluated Nguyen's residual functional capacity ("RFC") and found she retained the RFC to perform the full range of light work. Tr. at 17-19. Based on this RFC assessment, Nguyen was found able to perform her past relevant work as a small product assembler. Tr. at 19. Accordingly, the ALJ held that Nguyen was not disabled from March 10, 2010 through the June 11, 2012 decision date. Tr. at 20. Nguyen requested a review of the ALJ's decision on July 19, 2012, and submitted additional medical records on September 10, 2012, which the Appeals Council considered and made a part of the record. Tr. at 5, 9. The Appeals Council denied review on August 20, 2013. Tr. at 1, 5. Nguyen now appeals to this Court and files a motion for summary judgment arguing that the ALJ's decision was in error.

## SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008); FED. R. CIV. P. 56(a), (c); *Celotex Corp.*, 477 U.S. at 322-23. "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005) (internal citations and quotation marks omitted).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision that a claimant is not entitled to benefits is governed by 42 U.S.C. § 405(g). *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). This review is limited to two issues: "(1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)

Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971); *Audler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2007). A finding of substantial evidence supporting the Commissioner's decision must "do more than create a suspicion . . . of the fact[s] to be established" while a finding of no substantial evidence is only appropriate if there is a conspicuous absence of "credible evidentiary choices or medical findings" to support the decision. *Richard ex rel. Z.N.F. v. Astrue*, 480 F. App'x 773, 776 (5th Cir. 2012); *Stringer v. Astrue*, 465 F. App'x. 361, 363-64 (5th Cir. 2012). In applying this standard, the court "may not reweigh the evidence or substitute our judgment for that of the Commissioner." *Audler*, 501 F.3d at 447.

## ANALYSIS

### A. Statutory Basis for Benefits

Nguyen applied for Social Security Disability Insurance ("SSDI") benefits, authorized by Title II of the Social Security Act. The disability insurance program provides income to individuals who are forced into premature retirement, provided they are both insured and disabled. *See* 42 U.S.C. § 423(a).

### B. Determination of Disability

The Social Security Act defines the term "disability" to mean the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

11

42 U.S.C. § 423(d)(1)(A).   A claimant is disabled "only if his physical or mental impairment[s] are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."   42 U.S.C. § 423(d)(2)(A).

The Commissioner employs a five-step sequential analysis of a disability claim to determine whether: (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in Appendix 1 of the Social Security Regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. *See Audler*, 501 F.3d at 447-48; 20 C.F.R. § 404.1520(a).  If at any step a conclusive disability determination can be made, the inquiry ends. *Id.* The burden of proving disability initially lies with the claimant, but shifts to the Commissioner at the fifth step to show that the claimant can perform other substantial work in the national economy. *See Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). Once the Commissioner makes this showing, the burden shifts back to the claimant to rebut this finding. *See Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000).

The ALJ determined that Nguyen was not disabled at step four finding that she was able to perform her past relevant work as a small product assembler. Tr. at 19. Nguyen raises several points of error she contends entitle her to summary judgment. First, Nguyen contends that the ALJ erred by not finding her disabled under § 1.04(A) of the Listing of Impairments. Second, Nguyen claims that the ALJ improperly rejected the

opinions of her treating physicians resulting in a decision unsupported by substantial evidence. Third, Nguyen argues that the ALJ erred by failing to conduct the required analysis under 20 C.F.R. § 404.1527(c). Finally, Nguyen claims that the ALJ erred by failing to consider Nguyen's indigent status in finding her not disabled.

## C. Substantial Evidence Supports the ALJ's Decision that Nguyen did not Meet the Requirements of Listing 1.04(A)

To meet the criteria for Listing § 1.04(A), Nguyen bears the burden of providing objective medical evidence showing "a disorder of the spine . . . resulting in compromise of a nerve root (including the cauda equina) or the spinal cord." 20 C.F.R. § 404, Subpart P, Appendix 1 § 1.04. Specifically, Nguyen must adduce evidence of: (1) nerve root compression characterized by neuro-anatomic distribution of pain; (2) limitations in the motion of the spine; and (3) motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss. 20 C.F.R. § 404, Subpart P, Appendix 1 § 1.04. "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria." *Zimmerman v. Astrue*, 288 F. App'x 931, 937 (5th Cir. 2008) (*quoting Sullivan v. Zebley*, 493 U.S. 521, 530, 110 S. Ct. 885, 107 L.Ed.2d 967 (1990) ("An impairment that manifests only some of those criteria, no matter how severely, does not qualify.")).

Contrary to the ALJ's conclusion that Nguyen has provided "no evidence" for any of the requirements of Listing § 1.04(A), the medical record reveals that Nguyen has presented evidence of nerve root compression characterized by neuro-anatomic

13

distribution of pain.[2]   However, repeated measurements of Nguyen's cervical range of motion and the medical record provide substantial evidence supporting the ALJ's conclusion that Nguyen does not suffer from a "limitation of motion of the spine." *See* Tr. at 183-84, 198, 206, 306, 311, 316, 320, 328, 333.   Likewise, substantial evidence supports the ALJ's conclusion that Nguyen does not suffer from "motor loss" characterized by instances of muscle weakness.   In making this conclusion, the ALJ considered conflicting evidence of this requirement.   For example, Nguyen's doctors have found, "no weakness to manual muscle testing," "no weakness of the hand grips," "normal muscle tone and bulk present in all major groups of the muscles," and "good" muscle strength. Tr. at 182, 198, 223, 272.   Conversely, Nguyen has been characterized with "weakness of the grip on the left" and "give away weakness on the deltoid muscles, triceps, and biceps secondary to the pain." Tr. at 179, 223.

For Nguyen to show that her impairment matches Listing 1.04, she must satisfy all of the specified medical criteria. *See Zimmerman*, 288 F. App'x at 937.   Furthermore, "[b]ecause abnormal physical findings may be intermittent, their presence over a period of time must be established by a record of ongoing management and evaluation." 20 C.F.R. § 404, Subpart P, Appendix 1 §1.00D.   Any physical examination "must include a detailed description of the. . . findings appropriate to the specific impairment

---

[2] For example, Nguyen's cervical spine has MRI evidence of "moderate compromise of the right [and left] neural foramen" in addition to "electrophysiological evidence of C4-5 Nerve root irritation." Tr. at 209, 276.   Dr. Durfor, the State agency medical consultant, confirmed these results and found bilateral "radiculopathy (confirmed by EMG and NCS).   C4-5 spondylosis on the R and L5-6 on the L (confirmed by MRI) *with compression of the corresponding nerve roots.*"   Tr. at 232 (emphasis added).   Likewise, the record contains descriptions of Nguyen's "neuro-anatomic distribution of pain." *See, e.g.*, Tr. at 178, 196, 304.

14

being evaluated." *Id.*   Here, Nguyen's medical records only present evidence of "intermittent" instances of muscle weakness which have not been "established by a record of ongoing management and evaluation." Likewise, Nguyen has failed to provide a "detailed description" of limitations in cervical motion expected to be present "over a period of time" sufficient to fulfill the requirements of Listing 1.04(A). Accordingly, the Court finds this evidence insufficient to satisfy the requisite pathology described in Listing 1.04(A). Because Nguyen has not satisfied all of the specified medical criteria set forth in the listing, substantial evidence supports the ALJ's conclusion that Nguyen is not disabled under Listing 1.04(A).

**D. Substantial Evidence Supports the ALJ's Decision that Nguyen was not Disabled**

Nguyen claims that the ALJ improperly rejected the opinions of Nguyen's treating physicians resulting in a decision unsupported by substantial evidence.[3]   Nguyen also complains that the ALJ erred in rejecting these opinions by failing to conduct the required six factor analysis set forth in the regulations and *Newton v. Apfel*, 209 F.3d 448 (5th Cir. 2000). The Court disagrees.

### *Dr. Nguyen*

Evidence from "acceptable medical sources" is required to establish whether a claimant has a medically determinable impairment.   20 C.F.R. § 404.1513(a). "Acceptable medical sources" are defined in 20 C.F.R. § 404.1513(a) and include licensed physicians, licensed or certified psychologists, licensed optometrists, licensed

---

[3] The Court notes that the opinions of Nguyen's treating physicians were not rejected outright, but simply "not given significant weight." Tr. at 18.

podiatrists, and qualified speech-language pathologists. *Id.* Dr. Nguyen, a chiropractor, is not an "acceptable medical source" under the social security regulations. *See id.* §§ 404.1513(a), (d)(1). Only "acceptable medical sources" can establish the existence of a medically determinable impairment, give medical opinions, and be considered treating sources whose medical opinions may be entitled to controlling weight. *See* SSR 06–03p at *2, 2006 WL 2329939 (Aug. 9, 2006); *see also Thibodeaux v. Astrue*, 324 F. App'x 440, 445 (5th Cir. 2009). The ALJ considered the probative value of Dr. Nguyen's diagnoses and assessments and found them "neither credible nor supported by the objective evidence in the record." Tr. at 19. Therefore, the ALJ did not err in rejecting Dr. Nguyen's opinion because it was not a "medical opinion" derived from an "acceptable medical source." Accordingly, an analysis of the § 404.1527(c) factors was unnecessary.

### *Drs. Moorehead and Lotfi*

A treating physician's opinion on the nature and severity of a claimant's impairment should be accorded "controlling weight" when it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2); *Brown v. Astrue*, 344 F. App'x 16, 20 (5th Cir. 2009). "[W]hen good cause is shown, less weight, little weight, or even no weight may be given to the physician's testimony." *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994)). The good cause exceptions to the treating physician rule allow an ALJ to "disregard[] statements that are brief and conclusory, not supported by

16

medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence." *Id.*

Importantly, "[c]ontrolling weight may be given only . . . to medical opinions." SSR 96-2P, 1996 WL 374188, (July 2, 1996); *see also* 20 C.F.R. § 404.1527(a)(2) (definition of a medical opinion). "Opinions on some issues . . . are not medical opinions." 20 C.F.R. § 404.1527(d). Rather, they are "opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case." *Id.* Accordingly, a physician's statement of disability, opinion on a claimant's ability to work, or RFC assessment are not entitled to any "special significance" as they are not "medical opinions." *See* 20 C.F.R. § 404.1527(d); 20 C.F.R. § 404.1545(a)(1) (definition of RFC); *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003).

Here, Dr. Moorehead claimed that Nguyen was disabled on at least six separate occasions from August 2010 through September 2012. Tr. at 308, 322, 325, 330, 335, 339. Dr. Moorehead also performed a "Physical Capacities Evaluation" in November 2011 and found, amongst other things, that Nguyen could never lift anything over five pounds. Tr. at 323-24. Dr. Lotfi also declared Nguyen disabled in June 2011. Tr. at 255. While there is credible medical evidence supporting Dr. Moorehead's clinical diagnosis of cervical disk impairment,[4] the Court finds that any diagnoses of disability or opinions

---

[4] The ALJ's statement that "the MRI and EMG findings in the record do not support Dr. Moorehead's [sic] assessment that the claimant has herniated nucleus pulposus with nerve root impingement" is not supported by substantial evidence. However, the Court finds that such error is harmless and remand is unnecessary. "Procedural perfection in administrative proceedings is not required. This court will not vacate a judgment unless the substantial rights of a party have been affected." *Rollins v. Astrue*, 464 F. App'x 353, 358 (5th Cir. 2012) (*quoting Mays v.*

about Nguyen's ability to work are not medical opinions entitled to any "special significance." *See Frank*, 326 F.3d at 620; 20 C.F.R. § 404.1527(d).

Notwithstanding this finding, the ALJ had good cause to discount the opinions of Drs. Moorehead and Lotfi because they are "brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, [and] otherwise unsupported by the evidence." *See Myers*, 238 F.3d at 621. For example, both Drs. Moorehead and Lotfi filled out a three question, check-the-box questionnaire claiming that Nguyen, "suffer[s] from pain," "there is a reasonable medical basis for this pain," and that "the pain is disabling to the extent that it would prevent [Nguyen] from working full time at even a sedentary position." Tr. at 325. Dr. Moorehead's RFC opinion also utilizes a check-the-box questionnaire format. Tr. at 323. Notably, these opinions do not contain any explanatory notes, references to objective medical tests, or a rationale supporting their conclusion. Accordingly, the Court finds these unsupported, check-the-box questionnaires typify the "brief and conclusory" statements that an ALJ may disregard under the good cause exceptions to the treating physician rule. *See Foster v. Astrue*, 410 F. App'x 831, 833 (5th Cir. 2011) (finding good cause to assign little weight to a treating physician's questionnaire opinion "due to its brevity and conclusory nature, lack of explanatory notes, or supporting objective tests and examinations. . .").

---

*Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988)). In this case, the ALJ considered all of the medical evidence, including evidence pertaining to Nguyen's cervical spine.   Tr. at 15-16. Notwithstanding the above error, Nguyen's cervical spine impairment does not meet the requirements of a Listing and her subjective statements of pain and their limitations were found not credible. Thus, the ALJ "saw all the evidence he was required to consider. . . and is unlikely to change his mind to look at it again." *See Rollins*, 464 F. App'x at 358.

In addition to being conclusory, many of Dr. Moorehead's opinions are unsubstantiated or unsupported by the record. For instance, on several occasions, following a description of Nguyen's currently reported symptoms, Dr. Moorehead has opined that Nguyen "remains totally disabled from any job activity." *See, e.g.*, Tr. at 330. However, these opinions primarily rely upon Nguyen's subjective complaints of pain, which the ALJ found not credible. Tr. at 18. *See Greenspan v. Shalala*, 38 F.3d 232, 237-38 (5th Cir. 1994) (finding good cause to reject treating physicians' diagnosis of disability because it was conclusory, contradictory, and based completely upon subjective responses and complaints); *Williams v. Colvin*, No. 13-31111, 2014 WL 3413471 at *3 (5th Cir. July 15, 2014) (finding good cause to give "little weight" to a conclusory and inconsistent disability opinion that unduly relied upon the claimant's subjective history).

Furthermore, these opinions are unsupported by the objective medical evidence in the record, which consistently shows evidence of only "moderate" cervical spine pathology. For example, Dr. Moorehead's first and most detailed disability opinion states that, "[Nguyen] is unable to perform any job task including sedentary" because of "recurring headaches," "left shoulder pain," and "severe pain [in] the cervical spine" due to a "herniated cervical disc." Tr. at 322. However, the only objective medical evidence of a herniated cervical disc is Nguyen's second MRI, taken more than one year *after* Dr. Moorehead's initial claim of disability. Tr. at 303. The record also reflects that Nguyen's headaches are mostly controlled by medication and that surgery has generally relieved her shoulder pain. Tr. at 32, 34.

Likewise, some of the limitations noted in Dr. Moorehead's RFC are either unsubstantiated or unsupported by the record. For instance, Dr. Moorehead opined that Nguyen cannot perform simple grasping, pulling, pushing, or fine manipulations with either her right or left hand. Tr. at 323. While Nguyen has occasionally reported hand numbness and tingling (Tr. at 173, 181), the record does not reveal nor has Dr. Moorehead attempted to explain how these symptoms affect Nguyen's ability to perform these functions. *See Holifield v. Astrue*, 402 F. App'x 24, 26 (5th Cir. 2010) (finding good cause to discount the probative value of a conclusory and unsubstantiated opinion of disability). Moreover, Dr. Moorehead's hand limitations seemingly conflict with his prior statements that there were "no weakness of the handgrip," "no weakness to manual muscle testing," and "normal muscle tone and bulk present in all major groups of the muscles." Tr. at 182, 223, 316, 323.

Accordingly, the Court finds that there is sufficient good cause to allow the ALJ to reject any disability or RFC opinions made by Nguyen's treating physicians. Because Nguyen has provided no other reliable evidence proving she was limited to less than a full range of light work, the ALJ did not err by declining to give these opinions significant weight.

### Analysis of the Newton Factors

Nguyen also argues that in rejecting the opinions of her treating physicians, the ALJ erred by not addressing the § 404.1527(c) factors as mandated by the Fifth Circuit in *Newton*. The Court finds this argument unpersuasive. When rejecting or giving little weight to a treating physician's opinion, "absent reliable medical evidence from a

20

treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in [20 C.F.R. § 404.1527(c)(2)]."[5]   *Newton*, 209 F.3d at 453 (emphasis in original).   "The plain implication of that statement is that where there is reliable medical evidence from a treating or examining physician that controverts the claimant's physician, the detailed inquiry of each factor in [§ 404.1527(c)(2)] is unnecessary." *Rollins v. Astrue*, 464 F. App'x 353, 358 (5th Cir. 2012).

As noted previously, any diagnosis of disability is not a "medical opinion" entitled to any special significance.  Accordingly, an analysis of the § 404.1527(c) factors was unnecessary. *See Frank*, 326 F.3d at 620 ("The factors set out at subsection [(c)] apply only to medical opinions, not opinions 'reserved to the Commissioner.'").  Furthermore, Nguyen's reliance on *Newton* is misplaced.   Unlike in *Newton*, the ALJ did not summarily reject the opinion of a treating physician solely based upon the conclusions of a non-examining medical expert. *See Newton*, 209 F.3d at 458.  Instead, in discounting the opinions of Drs. Moorehead and Lotfi, the ALJ relied upon the objective medical evidence, records indicating that medication was effective, a finding that Nguyen's subjective statements of pain were not credible, and Nguyen's own reported activities of daily living.   *See Meyer v. Barnhart*, 163 F. App'x 347, 348 (5th Cir. 2006) (distinguishing *Newton* on similar grounds); *Zimmerman v. Astrue*, 288 F. App'x 931,

---

[5] The original text in *Newton* refers to "the criteria set forth in 20 C.F.R. § 404.1527(d)(2)," but this section has been renumbered without substantive change to 20 C.F.R. § 404.1527(c)(2).

935-36 (5th Cir. 2008) (same); *Rollins*, 464 F. App'x at 358 ("[T]he ALJ's recognition that [the treating physician's] opinion was inconsistent with objective medical findings, other doctors' opinions, and the record as a whole satisfies [§ 404.1527(c)'s] requirement 'always [to] give good reasons . . . for the weight we give your treating source's opinion.'").

Nguyen seeks to have this Court "re-weigh the evidence [and] substitute our judgment for that of the Commissioner." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). However, the ALJ must decide what weight to give the proffered medical evidence; conflicts in the evidence are not for the courts to resolve. *See Menchaca v. Barnhart*, 179 F. App'x 215, 216 (5th Cir. 2006). Accordingly, the Commissioner did not apply an improper legal standard and substantial evidence supports the Commissioner's decision that Nguyen was not disabled.

**E. The ALJ did not Improperly Consider Nguyen's Ability to Afford Treatment in Determining her Disability Status**

Finally, Nguyen contends that the ALJ erred by failing to properly consider her ability to afford the recommended surgical treatment. The Court disagrees. It is well established that "[a] medical condition that can reasonably be remedied either by surgery, treatment, or medication is not disabling." *Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir. 1987); *see also Bolton v. Apfel*, 237 F.3d 632, at *1 (5th Cir. 2000). "If, however, the claimant cannot afford the prescribed treatment or medicine, and can find no way to obtain it, the condition that is disabling in fact continues to be disabling in law." *Lovelace*, 813 F.2d at 59; *see also Fellows v. Apfel*, 211 F.3d 125, at *3 (5th Cir. 2000)

22

("It is true that if a claimant cannot afford the prescribed treatment or medicine, a curable, temporary disability is treated as a permanent one."). Importantly, this reasoning presumes the existence of a disabling condition. *See Fellows*, 211 F.3d 125, at *3 (5th Cir. 2000). Thus, the inability to afford treatment for a condition that is not disabling is irrelevant. *Id.*

Here, there is no evidence that the ALJ found Nguyen disabled, yet denied benefits due to a lack of treatment. Instead, in finding Nguyen not disabled, the ALJ relied upon: (1) the objective medical evidence; (2) the ME's opinion that "there is insufficient evidence to support the claimant's subjective complaints of pain;" (3) evidence that Nguyen's activities of daily living "were not [] consistent with her claim of total disability;" and (4) evidence, including Nguyen's lack of treatment, that the "intensity, persistence and limiting effects of [her] symptoms are not credible. . ." Tr. at 15-19; *see also Cornett v. Astrue*, 261 F. App'x 644, 649-50 (5th Cir. 2008) ("The decision to credit the medical evidence to a greater extent than [the claimant's] subjective complaints was valid.").

Furthermore, contrary to Nguyen's assertion, the ALJ utilized Nguyen's lack of treatment to discredit *her* credibility, not the opinions of her treating physicians. In his decision, the ALJ acknowledged that "[i]f an impairment can reasonably be controlled by medication or treatment, it cannot serve as a basis for a finding of disability." Tr. at 18. The ALJ then indicated that Nguyen's failure to seek additional treatment was a factor to be considered in an assessment of *Nguyen's* credibility. Specifically, the ALJ remarked that, "there are various indigent medical care programs available" and that "[Nguyen] is

23

not seeking or receiving frequent medical treatment, *which tends to undermine her allegations of incapacitating symptoms.*" Tr. at 18 (emphasis added).  Accordingly, the Court finds that the ALJ's credibility assessment and disability determination are supported by substantial evidence and the ALJ did not improperly consider Nguyen's lack of treatment in his findings. *See Cornett*, 261 F. App'x at 649 (despite allegations of inability to pay, the ALJ was not precluded from relying upon a lack of treatment as an indication that subjective complaints of pain were not credible where the evidence did not support the claimant's alleged disabilities).

## CONCLUSION

The record reveals that the ALJ applied the correct legal standards in denying Nguyen's disability benefits.  Substantial evidence supports the determination that Nguyen was not disabled during the relevant time period.  A review of the pleadings and the record on file reflects that there is no genuine issue of material fact in this case, and summary judgment is therefore appropriate.  FED. R. CIV. P. 56(a), (c).  Accordingly, the Court rules that Nguyen's Motion for Summary Judgment is **DENIED** and the Commissioner's Motion for Summary Judgment is **GRANTED**.


SIGNED at HOUSTON, TEXAS on 14th January 2015.


GEORGE C. HANKS, JR.
UNITED STATES MAGISTRATE JUDGE